**CITY OF GROVE CITY, Appellee,**

v.

**WEETHEE et al., Appellants.**

[Cite as *Grove City v. Weethee* (1991), 71 Ohio App.3d 405.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–875.

Decided March 21, 1991.

*Emens, Hurd, Kegler & Ritter, R. Kevin Kerns* and *Gene W. Holliker,* for appellee.

*Christopher J. Baer,* for appellants.

KLINE, Judge.

Plaintiff-appellee, Grove City, filed a complaint against defendants-appellants, Louise Weethee, Howard Weethee, and Weethee Used Auto Parts, in the Franklin County Court of Common Pleas on September 1, 1987. The complaint alleged that appellants were operating a junkyard in violation of city ordinance sections and that the premises constituted a nuisance. The complaint sought an abatement of the alleged nuisance.

On December 17, 1987, the court of common pleas rendered a final judgment in favor of appellee. The judgment ordered appellants to abate and remove the nuisance at the premises.

On appeal to this court, we found that the trial court had improperly premised its finding of a nuisance upon appellants' failure to obtain a license. *Grove City v. Weethee* (June 22, 1989), No. 88AP–48, unreported, 1989 WL 68280. We remanded to the court of common pleas for it to ascertain whether or not appellants' operation constituted a nuisance for reasons other than their failure to obtain a license.

On remand, the court of common pleas found that appellants' operation of the junkyard was a nuisance due to their failure to fully enclose the junkyard with a fence as mandated in the city ordinances. Accordingly, the court ordered appellants to enclose the entire junkyard with a fence, as required by

Grove City Ordinance Section 721.03, and to remove all inoperable autos and parts stored outside the perimeter of a previously existing partial fence.

Appellants appeal this decision and raise the following two assignments of error:

"1. Defendants have been denied a statutory right to continue to operate a junkyard, a nonconforming use established prior to the effective date of Grove City Zoning Ordinance, Section 721.03, a local ordinance in conflict with Ohio Revised Code Section 713.15, a general law under Section 3, Article XVIII, Ohio Constitution.

"2. The trial court erred in its finding of fact that Defendants' operation of a junkyard constituted a nuisance."

Howard Weethee started operating a junkyard, Weethee Used Auto Parts ("Weethee"), at 2332 Stringtown Road in 1951. In 1951, the junkyard was surrounded by undeveloped farmland outside of Grove City. The area was not zoned.

Over the years, the landscape around the junkyard changed considerably. It rapidly changed from undeveloped farmland to an area filled with various retail and commercial businesses. A child day-care center borders one side of the junkyard, and four or five businesses are on the other side of the junkyard. A mental health center and approximately eighty residential homes are across the road. The junkyard is now located within Grove City, which is zoned. Stringtown Road has been widened and has turned into the main business street in Grove City. Approximately twenty-five thousand cars a day go by the junkyard. The mayor of Grove City testified that over the years residents of Grove City had complained that the junkyard was an eyesore. The mayor also testified that the junkyard stood out from the natural aesthetics of the surrounding area.

Grove City issued appellants junkyard licenses from 1969 through 1985. A junkyard license was not issued in 1986 or 1987 because of an alleged violation of Grove City Codified Ordinances Section 721.03 which requires that junkyards be entirely enclosed with a fence.

We will address the second assignment of error first. Appellants argue that the trial court did not have sufficient evidence to find that the operation of the junkyard constituted a nuisance.

Both sides agree that appellants are operating a junkyard as defined by Grove City Codified Ordinances Sections 521 and 721. Grove City Codified Ordinances Section 521.18(b) provides:

"No person shall, and it is declared a nuisance for any person to store, place or allow to remain used * * * motor vehicles in an inoperative condition,

motor vehicles without a current and valid license, motor vehicles unfit for further use, automobile parts or scrap metal on any * * * parcel of land within the corporate limits * * * except for a * * * properly zoned junk yard."

One of the properly zoned junkyard regulations referred to in the above section is Grove City Codified Ordinances Section 721.03(a), which provides:

"No person shall maintain a junk yard * * * in the corporate limits * * * unless the premises on which such business is carried on is entirely enclosed by a * * * fence * * *."

Appellants admit that they have stored, placed, or allowed to remain on 2332 Stringtown Road in Grove City, Ohio, certain motor vehicles, parts, or scrap metal as outlined in Grove City Codified Ordinances Section 521.18(b). Appellants also admit that the junkyard is not properly maintained, since it is not entirely enclosed by a fence as required in Grove City Codified Ordinances Section 721.03. By these admissions, the operation of the junkyard constitutes a nuisance as defined by Grove City Codified Ordinances Section 521.18(b).

Accordingly, the second assignment of error is overruled.

■ Appellants argue in their first assignment of error[1] that Grove City cannot enforce these ordinances against them since they operated the junkyard before Grove City enacted these ordinances. Appellants contend that if the use of the land was lawful before the ordinance, then an ordinance cannot declare the use to be unlawful. Appellants state that this is an unlawful taking of property under Section 19, Article I, Ohio Constitution, and the Fourteenth Amendment to the United States Constitution.

In *Ghaster Properties, Inc. v. Preston* (1964), 176 Ohio St. 425, 27 O.O.2d 388, 200 N.E.2d 328, the Supreme Court of Ohio in paragraphs two, three and four of the syllabus held:

"2.   Legislation may provide that a particular use of land shall be unlawful or a nuisance even though such use had theretofore been lawful.

"3.   Where a valid statute has prohibited a particular use of property or has provided that such use shall constitute a nuisance, the owner no longer has a lawful or legitimate right to so use his land.

"4.   Whether a statute, providing that a particular use of land shall be unlawful or a nuisance, is valid will depend upon whether it comes within the police power."

---

1.  Most of the issues raised by this first assignment of error were addressed in the opinion written in the last appeal to this court. See *Grove City, supra.*

In the case *sub judice,* the ordinances in question can be enforced against appellants, providing the ordinances come within the police power. Appellants argue that R.C. 713.15 prevents Grove City from exercising its police power. R.C. 713.15 provides, in part:

" * * * [L]egislative authority of a municipal corporation shall provide in any zoning ordinance for the completion, restoration, reconstruction, *extension,* or substitution *of nonconforming* uses upon such reasonable terms as are set forth in the zoning ordinance." (Emphasis added.)

In *Northern Ohio Sign Contractors Assn. v. Lakewood* (1987), 32 Ohio St.3d 316, 513 N.E.2d 324, the Ohio Supreme Court in paragraph two of the syllabus held:

"R.C. 713.15 does not prevent a city from exercising its police power to abate a preexisting use which has become a nuisance."

But, if R.C. 713.15 does not prevent Grove City from exercising its police power, under what circumstances can Grove City exercise its police power?

In *State v. Buckley* (1968), 16 Ohio St.2d 128, 45 O.O.2d 469, 243 N.E.2d 66, the Ohio Supreme Court considered R.C. Chapter 4737 which required anyone operating a junkyard to erect at least a six-foot fence so as to entirely enclose the junkyard. In upholding the statute, the court held that it is a valid exercise of police power to base a statute upon aesthetic considerations. In *Buckley,* the court stated:

"We think that aesthetic considerations can support these statutes, because interference with the natural aesthetics of the surrounding countryside caused by an unfenced or inadequately fenced junk yard is generally patent and gross, and not merely a matter of taste. * * * " *Id.* at 132, 45 O.O.2d at 472, 243 N.E.2d at 70.

Appellants argue that their operation has not increased in scale over the years. In fact, they contend that recently they have scaled down the operation. This argument in irrelevant. Under *Buckley,* we do not look at the operation over the years. Instead, we look at the surrounding countryside— the land that surrounds appellants. Here, there has been a tremendous change. What was undeveloped farmland now contains all kinds of retail and commercial businesses. Stringtown Road has been widened and is now the main business street in Grove City. In fact, twenty-five thousand cars a day go by appellants' operation. Citizens of Grove City have complained over the years that the junkyard is an eyesore. The mayor testified that it stands out from the natural aesthetics of the rest of the area. Hence, we are convinced that Grove City could exercise its police power by enacting Grove City Codified Ordinances Sections 521 and 721.

Accordingly, we overrule the first assignment of error.

Both assignments of error are overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

BOWMAN, P.J., and REILLY, J., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, sitting and hearing the appeal pursuant to active duty prior to his retirement, and assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.

ROGER L. KLINE, J., of the Pickaway County Common Pleas Court, sitting by assignment.